UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| TERRY MULKEY, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | Nos. 2:15-CR-024 / 2:17-CV-026 |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION

Before the Court is Petitioner's *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. [Doc. 1].[1] The United States has responded in opposition and Petitioner has filed a reply. [Docs. 6, 9]. For the reasons that follow, the petition will be denied in part and granted in part.

**I.    BACKGROUND**

A federal grand jury charged Petitioner with conspiring to distribute and possess with the intent to distribute 50 grams or more of methamphetamine. [Case No. 2:15-CR-024, doc. 13]. In October 2015, Petitioner pled guilty pursuant to a written Rule 11(c)(1)(C) plea agreement to the lesser included offense of conspiring to distribute and possess with the intent to distribute five grams or more of methamphetamine. *Id.*, doc. 64. In his plea agreement, Petitioner stipulated that he should be held responsible for at least 500 grams, but less than 1.5 kilograms, of actual methamphetamine. *Id.* The parties agreed that Petitioner would receive a sentence of 96 months' imprisonment, to run consecutive to a Georgia state sentence that he was currently serving. *Id.*

---

[1] Unless otherwise indicated, document references in this opinion are to Case No. 2:17-CV-026.

By judgment entered January 28, 2016, this Court imposed a 96-month term of imprisonment, to be served consecutively to the referenced Georgia sentence—fully consistent with the Rule 11(c)(1)(C) plea agreement signed by Petitioner. *Id.*, doc. 129. Petitioner then filed the instant *pro se* petition on February 3, 2017.

## II. STANDARD OF REVIEW

The relief authorized by 28 U.S.C. § 2255 "does not encompass all claimed errors in conviction and sentencing." *United States v. Addonizio*, 442 U.S. 178, 185 (1979). Rather, a petitioner must demonstrate "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law . . . so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003)). He "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998) (citation and internal quotation omitted).

## III. ANALYSIS

Petitioner articulates three grounds for collateral relief, each based on alleged ineffective assistance of counsel. To show that the "fundamental defect" in his proceeding was ineffective assistance of counsel, a petitioner must satisfy the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). First, the petitioner must establish, by identifying specific acts or omissions, that counsel's performance was deficient and that counsel did not provide "reasonably effective assistance," *id.*, as measured by "prevailing professional norms." *Rompilla v. Beard*, 545 U.S. 374, 380 (2005). Counsel's assistance is presumed to have been effective, and

2

the petitioner bears the burden of showing otherwise. *Mason v. Mitchell*, 320 F.3d 604, 616–17 (6th Cir. 2003); *see also Strickland*, 466 U.S. at 689 (a reviewing court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that . . . the challenged action might be considered sound . . . strategy" (internal citation omitted)).

Second, the petitioner must demonstrate "a reasonable probability that, but for [counsel's acts or omissions], the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691; *accord Smith v. Robbins*, 528 U.S. 259, 285–86 (2000). If a petitioner fails to prove that he sustained prejudice, the Court need not decide whether counsel's performance was deficient. *See United States v. Hynes*, 467 F.3d 951, 970 (6th Cir. 2006) (holding that alleged "flaws" in trial counsel's representation did not warrant a new trial where the claims, even if true, did not demonstrate that the jury would have reached a different conclusion).

### A. Claims One and Two

In his first theory of ineffective assistance, Petitioner argues that counsel failed to contest the amount of methamphetamine for which Petitioner was held accountable. According to Petitioner, this was the result of counsel failing to obtain discovery or file pretrial motions, leading counsel to promise Petitioner that he would receive a prison sentence of no more than 33 months. By his second theory of ineffective assistance, Petitioner claims that counsel failed to ensure receipt of "time served" credit for the period between Petitioner's "arrest" and sentencing. [Docs. 1, 2]. Each of these claims is wholly belied by Petitioner's plea agreement and the colloquy at his October 1, 2015 change of plea hearing.

To begin with the very obvious, <u>Petitioner signed his plea agreement</u>, affirming that it "constitute[d] the full and complete agreement and understanding between the parties concerning the defendant's guilty plea to the above-referenced charge(s), and [that] there are no other agreements, promises, undertakings, or understandings between the defendant and the United States." [Case No. 2:15-CR-024, doc. 64, p.7]. By that agreement, Petitioner confirmed that he would be held accountable for at least 500 grams but less that 1.5 kilograms of actual methamphetamine. *Id.* p.3. Further, Petitioner expressly agreed therein "that a sentence of 96 months to run consecutive to the Georgia methamphetamine sentence that defendant is currently serving (Case Action #: 14-CR-01543-M, Superior Court of Whitfield Count, Georgia), is the appropriate disposition of this case." *Id.*

During the change of plea colloquy on October 1, 2015, the Court verified that Petitioner was not under intoxication or mental illness, and that he understood the purpose of the hearing. The Court confirmed that Petitioner had ample time to discuss his case and the charges against him with counsel. Under oath, Petitioner also affirmed that counsel advised him of the nature and meaning of the charges and every element of those offenses, and that counsel advised him as to any defense that he might have to the charges. Petitioner acknowledged that he was satisfied with his lawyer's advice and representation, and that his lawyer had explained the terms of the plea agreement to him.

Petitioner further confirmed that the prosecution's summary of his conduct in this case, including the drug quantity (500 grams to 1.5 kilograms) for which he would be held accountable, was correct. Petitioner again heard the agreed-upon sentence and confirmed that he wished to plead guilty because he was in fact guilty. Based on Petitioner's sworn statements, the Court

concluded that Petitioner's plea was knowing and voluntary, accepted the plea, and adjudged him guilty.

For Petitioner to now claim that his drug quantity was in dispute (and that counsel assured him he would receive a prison sentence of no more than 33 months) is simply incredible. Petitioner is bound by his sworn responses to the Court's inquiries. *Ramos v. Rogers*, 170 F.3d 560, 566 (6th Cir. 1999). Otherwise, the plea colloquy process would be meaningless. *Id.*

Petitioner's claim regarding "time served" credit similarly fails. Petitioner came to this Court by way of a writ from the Georgia state court. [Case No. 2:15-CR-024, doc. 120, p.1]. In his plea agreement, Petitioner conceded that his federal sentence would be served consecutively to that insufficiently-related state matter. Because he came to this Court on a writ, Petitioner's period of "borrowed custody" from Georgia would have been credited toward his Georgia sentence rather than his federal sentence. *See, e.g., Broadwater v. Sanders*, 59 F. App'x 112 (6th Cir. 2003). Petitioner cannot receive "double credit for his detention time." *Id.* (citation omitted).

For these reasons, Petitioner's first and second claims will be denied.

**B.     Claim Three**

In his third and final theory of ineffective assistance, Petitioner claims that (at sentencing) he asked counsel to file a direct appeal but counsel failed to do so. In *Roe v. Flores-Ortega*, the Supreme Court set forth two situation-specific tests for determining whether failure to file a notice of appeal on behalf of a client rises to the level of constitutionally deficient performance. 528 U.S. 470, 478–81 (2000). In the first scenario—where the defendant specifically instructs counsel to file a notice of appeal—the attorney acts in a professionally unreasonable manner by disregarding that instruction. *See id.* at 477 ("We have long held that a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally

unreasonable." (citing *Rodriquez v. United States*, 395 U.S. 327 (1969)); *see also Campbell v. United States*, 686 F.3d 353, 360 (6th Cir. 2012) ("[E]ven when a defendant waives all or most of his right to appeal, an attorney who fails to file an appeal that a criminal defendant explicitly requests has, as a matter of law, provided ineffective assistance of counsel that entitles the defendant to relief in the form of a delayed appeal.").

Generally, district courts must conduct an evidentiary hearing to determine whether a petitioner indeed asked his attorney to appeal. *See, e.g., Campbell*, 686 F.3d at 360. However, in the present case, the United States concedes that Petitioner's trial counsel is now deceased. The United States acknowledges that it would thus be unable to meaningfully rebut Petitioner's claim at an evidentiary hearing. Because the Court does not find Petitioner's third claim of ineffective assistance to be "inherently incredible," *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007), Petitioner's third claim will be granted and he will be allowed the opportunity to file a delayed appeal.

Petitioner's judgment of conviction will be vacated and immediately re-entered by the Court in order to restart Petitioner's time for appeal. *See Johnson v. United States*, 146 F. App'x 4, 5-6 (6th Cir. 2005); *Rosinski v. United States*, 459 F.2d 59, 59-60 (6th Cir. 1972). Petitioner has the right to appeal the sentence imposed in his criminal case. A notice of appeal must be filed within 14 days of the re-entry of his criminal judgment. If Petitioner requests and so desires, the Clerk of Court can prepare and file the notice of appeal for him.

## IV. CONCLUSION

For the reasons discussed above:

1. The first and second claims in Petitioner's § 2255 motion [Doc. 1] will be **DENIED** and **DISMISSED WITH PREJUDICE**. The Court will **CERTIFY** any appeal from this decision would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** Petitioner leave to proceed *in forma pauperis* on any appeal of the denial of his first and second claims for relief. *See* Rule 24 of the Federal Rules of Appellate Procedure. Petitioner having failed to make a substantial showing of the denial of a constitutional right as to his first and second claims, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Rule 22(b) of the Federal Rules of Appellate Procedure.

2. Petitioner's third claim, that his attorney did not file a direct appeal as instructed, will be **GRANTED**. The judgment entered on January 28, 2016 [2:15-CR-024, doc. 129] will be **VACATED**, and the Clerk of Court will be **DIRECTED** to **RE-ENTER** that judgment as of this date.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge